JUDGE BULLITT
delivered the opinion op the court: (Judge 'Peters did not preside in this case.)
Bowyer attached funds of Hanson in the hands of Prewitt, upon an affidavit that Hanson was a non-resident, &c. Payne, Prewitt and Wickliffe each asserted a claim to the fund. It was adjudged that the attachment of Bowyer be sustained; that his debt should be paid before that of Payne, and that *109 Payne’s debt should be paid before that of Prewitt; but that, as Wickliffe’s claim is said to be superior to all the others, the fund shall be held undistributed until Wickliife’s claim shall be adjudicated upon. There was no personal judgment against Hanson, nor could any have been rendered, as he had not been summoned nor appeared.
The judgment giving priority to Bowyer over Payne and Prewitt, and to Payne over Prewitt, is not a final order, as it-did not distribute the fund, nor give any other relief to either of the parties. (Bondurant vs. Apperson, decided at the last term, and cases cited.)
Nor is the order sustaining the attachment a final order. The decisions above referred to make this entirely clear, unless the order is made final by the provisions of the Code. Section 285 declares that, “an attachment obtained at the commencement of the action shall be sustained or discharged at the time that judgment is rendered in the action.” Section 291 authorizes the defendant to move for a discharge of the attachment, at any time before it is sustained; and section 292 declares that an order sustaining or discharging an attachment, on the rendition of judgment in the action, shall be the subject oí appeal. It seems clear that the framers of‘the Code did not intend to authorize an appeal from a preliminary order sustaining an attachment. This was, in effect, decided in the case of Talbot vs. Peirce, (14 B. Mon., 195,) in which it was held that a judgment overruling a motion to discharge an attachment was not final, and, consequently, that the court might, notwithstanding such judgment, and without additional evidence, discharge the attachment on final hearing. There is no substantial difference between a preliminary order sustaining an attachment, and a preliminary order overruling a motion to discharge the attachment. Neither amounts to anything more than an opinion that the attachment should be sustained; and, notwithstanding such an expression of opinion, the attachment may be discharged on final hearing. In the case under consideration the court withheld a final decision and retained control over the fund, on account of Wickliffe’s claim. It may be that, on final hearing, the fund will be ad *110 judged to Wickliffe, which would in effect defeat the attachment; or it may be that Hanson, before final hearing, may file ah answer, as he certainly has a right to do, and show that the debt has been paid, which would result in a discharge of the attachment. Whether or not Hanson will be prejudiced by the order sustaining the attachment, and, if prejudiced, in what manner and to what extent, depends upon the future action of the court..
The appeal is dismissed.